IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE CLARK WILLIAMS, JR., | No. 2:12-cv-1604-GEB-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| A. NAPPI, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for leave to proceed in forma pauperis (Doc. 2).

The Prison Litigation Reform Act's (PLRA) "three strikes" provision provide:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

/ / /

1    Thus, when a prisoner plaintiff has had three or more prior actions dismissed for
2  one of the reasons set forth in the statute, such "strikes" preclude the prisoner from proceeding in
3  forma pauperis unless the imminent danger exception applies.  Dismissed habeas petitions do not
4  count as "strikes" under § 1915(g).  See Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005).
5  Where, however, a dismissed habeas action was merely a disguised civil rights action, the district
6  court may conclude that it counts as a "strike."  See id. at n.12.
7    In this case, a review of the court's files reflects that plaintiff has three or more
8  prior "strikes" under § 1915(g) which preclude plaintiff being granted in forma pauperis status.
9  Three of these prior "strikes" occurred in the following cases: Williams v. Corcoran State Prison,
10  No. CIV F-01-5926 AWI HGB (E.D. Cal.) (dismissed on January 29, 2002 for failure to state a
11  claim); Williams v. Wood, No. CIV F-01-6151 REC LJO (E.D. Cal.) (dismissed on February 28,
12  2002 for failure to state a claim); Williams v. Rendon, No. CIV F-01-5891 AWI SMS (E.D. Cal.)
13  (dismissed on August 16, 2002 for failure to state a claim).  In addition, this court has previously
14  issued orders designating plaintiff to be a three-strike litigant, and plaintiff has been denied leave
15  to proceed in forma pauperis.  See e.g., Williams v. Willie, CIV S-11-1532 MCE DAD (E.D.
16  Cal.).  Plaintiff is challenging a denial of access to the courts and law library in the instant action;
17  there are no plausible allegations that plaintiff is under imminent danger of serious bodily injury.
18  See Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007).  See also, Williams v. Willie,
19  CIV S-11-1532, Doc. 15 (findings and recommendations discussing plaintiff's prior cases where
20  plaintiff alleges poisoning, dating back to 2006, and finding those allegation not plausible).  The
21  court must therefore deny leave to proceed in forma pauperis.
22    When in forma pauperis status is denied or revoked under § 1915(g), the proper
23  course of action is to dismiss the action without prejudice to re-filing the action upon pre-
24  payment of fees at the time the action is re-filed.  In Tierney v. Kupers, the Ninth Circuit
25  reviewed a district court's screening stage dismissal of a prisoner civil rights action after finding
26  under § 1915(g) that the plaintiff was not entitled to proceed in forma pauperis.  See 128 F.3d

1310 (9th Cir. 1998). Notably, the district court dismissed the entire action rather than simply providing the plaintiff an opportunity to pay the filing fee. The Ninth Circuit held that the plaintiff's case was "properly dismissed." Id. at 1311. Similarly, in Rodriguez v. Cook, the Ninth Circuit dismissed an inmate's appeal in a prisoner civil rights action because it concluded that he was not entitled to proceed in forma pauperis on appeal pursuant to the "three strikes" provision. See 169 F.3d 1176 (9th Cir. 1999). Again, rather than providing the inmate appellant an opportunity to pay the filing fee, the court dismissed the appeal without prejudice and stated that the appellant "may resume this appeal upon prepaying the filing fee."[1]

This conclusion is consistent with the conclusions reached in at least three other circuits. In Dupree v. Palmer, the Eleventh Circuit held that denial of in forma pauperis status under § 1915(g) mandated dismissal. See 284 F.3d 1234 (11th Cir. 2002). The court specifically held that "the prisoner cannot simply pay the filing fee after being denied IFP status" because "[h]e must pay the filing fee at the time he *initiates* the suit." Id. at 1236 (emphasis in original). The Fifth and Sixth Circuits follow the same rule. See Adepegba v. Hammons, 103 F.3d 383 (5th Cir. 1996); In re Alea, 86 F.3d 378 (6th Cir. 2002).

Based on the foregoing, the undersigned recommends that:

1. Plaintiff's application for leave to proceed in forma pauperis (Doc. 2) be denied; and

2. This action be dismissed without prejudice to re-filing upon pre-payment of the filing fees.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days

---

[1] It is unclear how the appellant would have been able to "resume" the appeal upon pre-payment of the filing fee because appellate filing fees are paid in the district court when the notice of appeal is filed. Had the appellant filed a new notice of appeal with the appropriate filing fee, any such notice of appeal would have been untimely in that it would not have been filed within 30 days of the final judgment being appealed. The Ninth Circuit did not address this problem.

after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

 DATED:  July 10, 2012

                                            _____
                                            **CRAIG M. KELLISON**
                                            UNITED STATES MAGISTRATE JUDGE